JOHN HANSON *v.* E. W. LEA.

**Landlord and Tenant—Improvements by Tenant.**
> Where improvements are made by a tenant who sells out to another, the purchaser succeeds only to the rights of the tenant, and cannot claim possession and ownership by adverse possession as against the lessor.

APPEAL FROM BRACKEN CIRCUIT COURT.

October 17, 1874.

OPINION BY JUDGE LINDSAY:

Black was certainly the tenant of Lea. The proof conduces to show that the improvements made by Black were upon the leased premises. Harrison brought out Black's improvement. He says he knew nothing about Black's lease, and that he merely paid him for his work; yet it seems that he would be satisfied with nothing short of a *livery of seizin*. He paid Black the thirty dollars upon the premises in controversy, and declined to pay him anywhere else.

The conclusion is almost irresistible that Harmon entered under **and by virtue** of his purchase from Black. Such being the case he stands in no better attitude, as to Lea, than Black would have stood, had he held to the possession until after the expiration of his lease. The facts stated brings the case clearly within the statutory definition of a forcible detainer, which is, that "A forcible detainer is the refusal of a tenant to surrender to his landlord the land or tenements demised, after the expiration of his term." Civil Code of Practice, Sec. 500.

The instructions given on the petition of appellee were authorized by the evidence, and they conform to the law of the case as herein stated.

The instruction asked by appellant was properly refused, if for no other reason, that it assumed as an established fact that Harmon was in the adverse possession of the land when Black entered as the tenant of Lea. The jury should have been allowed to determine that fact from the evidence, and besides, before the instruction could have been given, an adverse possession should have been defined.

We find no error in the record prejudicial to appellant.

Judgment *affirmed*.

*Throop & Son, for appellant.*
*B. S. Willis, for appellee.*